**IN THE COURT OF APPEALS OF TENNESSEE**

**AT KNOXVILLE**

| | |
|---|---|
| DON DAY and KIM DAY, on behalf of themselves and all others similarly situated, | ) C/A NO. 03A01-9811-CV-00372 ) ) ROANE CIRCUIT ) |
| Plaintiffs-Appellants, | ) HON. RUSSELL SIMMONS, JR., ) JUDGE |
| v. | ) ) |
| GENERAL MOTORS ACCEPTANCE CORPORATION, | ) ) AFFIRMED ) AND |
| Defendant-Appellee. | ) REMANDED |

GORDON BALL, Knoxville, for Plaintiffs-Appellants.

STEPHEN G. ANDERSON and ANDREW L. COLOCOTRONIS, BAKER, DONELSON, BEARMAN & CALDWELL, P.C., Knoxville, for Defendant-Appellee.

**M E M O R A N D U M   O P I N I O N**[1]

Franks, J.

This action was dismissed by the Trial Judge for failure to state a claim

upon which relief could be granted, pursuant to T.R.C.P. §12.02(6).

The alleged facts in this case are identical in all material respect, to the

---

[1]

(b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

alleged facts in *Harvey v. Ford Motor Credit Co.,* 1999 WL 356301 (Tenn. App.).

Plaintiffs Don and Kim Day purchased a vehicle from a Chevrolet dealer in Roane County. Plaintiffs financed the vehicle through the dealer and defendant General Motors Acceptance Corporation ("GMAC"). Plaintiffs filed suit against GMAC, alleging that its "dealer reserve" practice violates the Tennessee Consumer Protection Act. The Trial Court, relying on its prior decision in *Harvey*, dismissed the complaint and plaintiffs have appealed.

The Trial Court properly dismissed plaintiffs' Second Amended Complaint. The complaint is substantially the same in all material respects to the complaint in *Harvey*. The Second Amended Complaint therefore suffers from the same defects and similarly fails to state a claim under the Tennessee Consumer Protection Act.

Plaintiffs cite cases construing Illinois law to support their position. These cases all involved sales of extended warranties and are distinguishable. In *Bernhauser v. Glen Ellen Dodge*, 683 N.E.2d 1194 (Ill.App. 1997), the court did not expressly decide the issue of proximate cause. In *Bambilla v. Evanston Nissan, Inc.*, 1996 WL 284954 at *5 (N.D. Ill. 1996), the court addressed proximate cause:

> Plaintiffs can prove damages as a proximate cause if they can induce the trier of fact to believe that they would have canceled their deals if they found out that they were actually paying more for the cars than they thought or that they would not have entered into the service contracts if they had known that they were incurring an upcharge.

Although plaintiffs contend they made similar allegations in their Second Amended Complaint, the record does not support their position. *Cirone-Shadow v. United Nissan of Waukegan*, 955 F.Supp. 938 (N.D. Ill. 1997), is similarly distinguishable.

We adopt our reasoning set forth in the *Harvey* opinion, as well as our opinion on the Petition to Rehear in that case, and affirm the judgment of the Trial

2

Court and remand.  We assess the cost of the appeal to the appellants.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.



_____
William H. Inman, Sr.J.